```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

ALBERT P. CRUTCHFIELD              *

     Plaintiff,             *

vs.                                *
                              CASE NO. 4:06-CV-40 (CDL)
STATE OF GEORGIA, DEPARTMENT       *
OF HUMAN RESOURCES, STATE OF
ALABAMA DEPARTMENT OF HUMAN        *
RESOURCES, MAXIMUS, INC.,
PAUL M. HEFFLER, Esq.,PETER B.     *
HOFFMAN, Esq., SUSAN G.
HARDIN, Esq., and XYZ,             *
or heretofore unknowns,
                                   *
     Defendants.
                                   *

## O R D E R

This lawsuit arises from Plaintiff's unsuccessful attempts to avoid paying his court ordered child support obligations. After being jailed pursuant to a state court child enforcement action, Plaintiff now seeks damages under federal and state law. Defendants have filed motions to dismiss Plaintiff's pro se Complaint. Defendants' motions are granted as to all of Plaintiff's federal law claims. Furthermore, the Court declines to exercise supplemental jurisdiction over the remaining state law claims which are dismissed without prejudice.

BACKGROUND

The Court has struggled mightily to interpret Plaintiff's poorly drafted pro se Complaint.[1] The essence of Plaintiff's grievance is that the various parties who had anything to do with the enforcement of his state ordered child support obligation, which enforcement ultimately led to his imprisonment, violated his "federal and state rights" by their enforcement actions. Plaintiff cites the alleged violation of multiple federal statutes in support of his federal law claims. Specifically, Plaintiff asserts the following federal claims: (1) violations of the Fourteenth Amendment; (2) violations of the Social Security Act at 42 U.S.C. § 667; (3) violation of the Regulations Relating to Public Welfare, 45 C.F.R. § 302.56; (4) violation of 18 U.S.C. § 228(b) for failing to give Plaintiff a rebuttable presumption; (5) multiple claims under 42 U.S.C. § 1983; (6) violation of 28 U.S.C. § 1927 for failing to dismiss a baseless claim; (7) violation of the Consumer Credit Protection Act at 15 U.S.C. § 1673; (8) violation of the False Claims Act ("FCA") at 31 U.S.C. § 3729, *et seq.*; and (9) violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") at 18 U.S.C.

---

[1]The applicable Complaint is entitled by Plaintiff "Second Amendment to Complaint." Plaintiff filed this amended Complaint after obtaining leave of Court. In granting Plaintiff leave, the Court specifically ordered that the amended Complaint "shall be complete and shall not incorporate by reference his other pleadings." (Order, Oct. 12, 2006). Therefore, in evaluating Defendants' motions to dismiss, the Court restricts its review to this second amended Complaint.

§ 1961, *et seq.*² Additionally, Plaintiff brings state law claims for (1) unlawful and wrongful imprisonment, (2) undue influence and "self-dealing," (3) multiple instances of abuse of process,³ and (4) violation of the Georgia Constitution.

Defendants have moved to dismiss Plaintiff's claims based upon (1) Eleventh Amendment immunity, (2) lack of jurisdiction, (3) failure to state a claim, and (4) the expiration of the statute of limitations. For the following reasons, Defendants' motions are granted as to Plaintiff's federal claims.

## DISCUSSION

Plaintiff's Complaint is such a mess that it is difficult to know where to start. In an effort to simplify this Order, the Court organizes its analysis by grouping the Defendants who possess similar dispositve defenses.⁴

---

²Plaintiff also originally asserted claims for violations of "9 U.L.A. 255, (supp. 1996) . . . 18 U.S.C. § 1581, [and] 1994[.]" (Compl. ¶ 9.) Plaintiff has failed to reassert these claims in his amended complaints or to provide any factual support for the claims. The Court therefore considers those claims abandoned. Furthermore, even if the claims were not abandoned, "9 U.L.A. 255" and "1994" are not citations to any federal law. Additionally, 18 U.S.C. § 1581 is a criminal statute prohibiting peonage, slavery, and trafficking in persons which does not give rise to a private right of action.

³Plaintiff claims that Defendants are liable for abuse of process for failure to provide proper documentation pursuant to O.C.G.A. § 19-11-130, for failure to provide calculations pursuant to O.C.G.A. § 19-11-124; and for failure to apply the provisions of the Full Faith and Credit for Child Support Orders Act, 28 U.S.C. § 1738B.

⁴The Court notes preliminarily that many of Plaintiff's claims rely upon statutory provisions that do not even provide a right of private action under the circumstances alleged in this case, and those claims can be dismissed summarily. *See e.g.* 42 U.S.C. § 667; 45 C.F.R. § 302.56; 18

3

**I.     The State Defendants—State of Georgia Department of Human Resources and State of Alabama Department of Human Resources[5]**

The Georgia and Alabama Department of Human Resources ("DHR") contend they are entitled to Eleventh Amendment immunity. "Under most circumstances, the Eleventh Amendment bars suits against states and state entities by their citizens." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In order for a citizen to sue a state, either that state must have waived its Eleventh Amendment immunity or Congress must have specifically abrogated the immunity. *Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005) (citation omitted); *Zatler v. Wainwright*, 802 F.2d 397, 399-400 (11th Cir. 1986) (citations omitted). "It is clear that Congress did not intend

---

U.S.C. § 228(b); 28 U.S.C. § 1927; 15 U.S.C. § 1673. To establish a claim under 42 U.S.C. § 1983 based upon the violation of a federal statute, a plaintiff "must assert the violation of a federal *right,* not merely a violation of federal law." *Blessing v. Freestone,* 520 U.S. 329, 340 (1997) (citation omitted) (emphasis in original). A federal right arises only if: (1) Congress intended that the provision in question benefit the plaintiff; (2) the asserted right must not be so "vague and amorphous" that its enforcement would "strain judicial competence;" and (3) "the statute must unambiguously impose a binding obligation on the States." *Id.* at 340-341 (citations omitted). The statutory provisions referred to hereinabove do not meet the foregoing test.

[5]At the end of Plaintiff's second amended Complaint, Plaintiff added Beverly J. Walker, Commissioner of the Georgia Department of Human Resources, and Page B. Walley, Commissioner of the Alabama Department of Human Resources, as additional Defendants. Disregarding whether Ms. Walker and Ms. Walley were properly served or properly added as Defendants, the Court assumes that Plaintiff sues Ms. Walker and Ms. Walley only in their official capacities as commissioner because Plaintiff failed to allege any individual action by either Defendant. Since "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), the Court addresses any potential claim against Ms. Walker or Ms. Walley as merely another claim against the Georgia or Alabama Department of Human Resources.

to abrogate a state's [E]leventh [A]mendment immunity in section 1983 damage suits." *Zatler*, 802 F.2d at 400 (citation omitted); *see also Williams*, 441 F.3d at 1303. Consequently, Defendants Georgia DHR and Alabama DHR are entitled to Eleventh Amendment immunity on Plaintiff's section 1983 claims. Accordingly, Plaintiff's claims against them are dismissed.[6]

## II. Defendant Paul Heffler

Defendant Heffler is the District Attorney in Walker County, Alabama, who pursued the child support action against Plaintiff. Plaintiff claims Defendant Heffler was involved in an "unlawful scheme" to avoid applying Alabama child support guidelines. Defendant Heffler responds that Plaintiff's Complaint against him should be dismissed because he is entitled to absolute prosecutorial immunity. "State prosecutors are entitled to absolute immunity from damages under Section 1983 for all acts intimately associated with the judicial phase of the criminal process." *Mullinax v. McElhenney*, 817 F.2d 711, 714-15 (11th Cir. 1987) (citation and internal quotation marks omitted). Since all of Plaintiff's allegations

---

[6]To the extent that Plaintiff may have been attempting to assert a claim for violation of the FCA or RICO against the State Defendants, those claims are also dismissed. The FCA "does not subject a State (or state agency) to liability . . . ." *Vt. Agency of Natural Res. v. United States*, 529 U.S. 765, 788 (2000). Additionally, Plaintiff's RICO claim must be dismissed because Plaintiff has failed to "allege a pattern of racketeering activity." *Aldridge v. Lily-Tulip, Inc. Salary Ret. Plan Benefits Comm.*, 553 F.2d 587, 593 (11th Cir. 1992). In fact, Plaintiff's complaint concerning his RICO claim is so vague, that the Court would be engaging in pure speculation concerning any alleged racketeering activity.

5

against Defendant Heffler concern actions taken within the scope of Defendant Heffler's prosecutorial duties, during Defendant Heffler's prosecution of Plaintiff for recovery of child support, Defendant Heffler is entitled to absolute immunity. Defendant Heffler's Motion to Dismiss is hereby granted.[7]

**III. Defendants Maximus, Inc., Susan G. Hardin, and Peter B. Hoffman[8]**

Defendants Maximus, Inc., Susan G. Hardin, and Peter B. Hoffman seek dismissal of Plaintiff's Complaint because it fails to state a claim. *See* Fed. R. Civ. P. 12(b)(6), 12(c).[9] "[T]he analysis of a 12(b)(6) motion [for failure to state a claim] is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). In reviewing a motion to dismiss under Rule 12(b)(6), a

---

[7]To the extent that Plaintiff may have been attempting to assert a claim for violation of the FCA or RICO against Defendant Heffler, those claims are also dismissed. Plaintiff's FCA and RICO claims are devoid of any factual allegations that would "raise a right to relief above a speculative level." *Watts v. Fla. Int'l Univ.*, __ F.3d __, 2007 WL 2331029 at *5 (11th Cir. Aug. 17, 2007).

[8]Defendants Hardin and Hoffman are independent contractors serving as Special Assistant Attorneys General for the Georgia DHR. Defendants Hardin and Hoffman work to collect child support and to prosecute those who have failed to pay child support. Defendant Maximus is a private company that works for the State of Georgia in order to enforce court orders on child support.

[9]Since Defendant Hoffman filed an Answer before filing his Motion to Dismiss, the Court construes his 12(b)(6) motion as a motion for judgment on the pleadings pursuant to Rule 12(c). *See* Fed. R. Civ. P. 12(h) (A defense of failure to state a claim . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."); *Skrtich v. Thornton*, 280 F.3d 1295, 1307 n.13 (11th Cir. 2002) (noting that "a [12(b)(6)] motion *may* be construed as a request for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) . . . .").

court must "constru[e] the complaint in the light most favorable to the plaintiff and accept[] as true all facts which the plaintiff alleges." *Day v. Taylor* , 400 F.3d 1272, 1275 (11th Cir. 2005). "Of course, 'a formulaic recitation of the elements of a cause of action will not do.'" *Watts v. Fla. Int'l Univ.*, __ F.3d __, 2007 WL 2331029 at *5 (11th Cir. Aug. 17, 2007) (citing *Bell Atl. Corp. v. Twombly* , __ U.S. __, 127 S. Ct. 1955, 1965 (2007)). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims. *Id.* (internal quotation marks and citations omitted). Additionally, "[j]udgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (citation omitted).

    A.    <u>Plaintiff's Section 1983 Claims</u>

Plaintiff brings claims under § 1983 to recover for two separate incidents. First, in April 2006, Plaintiff was arrested in Muscogee County, Georgia, for "willful contempt . . . for failure to pay child support and/or arrearages in the amount of at least $35,175.80." (Am. Compl. Ex. A-5.) Plaintiff claims that his imprisonment was false/unlawful, wrongful, and without jurisdiction in violation of his "due process right to proceed in federal court." Plaintiff

brings claims under § 1983 to recover damages for these alleged violations of his federal rights. Second, Plaintiff contends that his Fourteenth Amendment procedural due process and equal protection rights were violated by Defendant Maximus when Maximus "chose to start a brand new case and prosecute [for child support arrears] even though they knew that Plaintiff has already paid until fruition his 1991 Georgia order." (Second Amendment to Compl. 17.) Plaintiff asserts a claim under § 1983 to recover for this alleged violation of the Fourteenth Amendment. The Court will address these claims based upon how they have been labeled by Plaintiff.

*1. False/Unlawful Imprisonment*

Plaintiff fails to allege any action by either Defendant Maximus or Defendant Hoffman which led to Plaintiff's "false/unlawful imprisonment." Consequently, Defendants Maximus and Hoffman's motions are granted as to this claim.

Regarding Defendant Susan G. Hardin, Plaintiff claims that she (1) "deliberately tried to stop [] Plaintiff's federal claim" in violation of due process by filing a contempt charge against Plaintiff, and (2) had no legal justification for her actions. (Second Amendment to Compl. 9-10.) "To state a claim under § 1983, a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." *Emory v. Peeler*, 756 F.2d 1547, 1554 (11th Cir.

1985) (citation omitted). First, the filing of a contempt charge in state court has no bearing on a claim filed in or the jurisdiction of this Court. Plaintiff's misinterpretation of the law does not give rise to an action for a violation of the due process clause. Defendant Hardin did not interfere with Plaintiff's federal claim by filing a citation for contempt in state court. Second, Plaintiff seems to be asserting that Defendant Hardin is somehow liable for false imprisonment because his child support order from 1993 did "not have guidelines." Plaintiff, however, has failed to allege sufficient facts connecting the violation of any federal right to his imprisonment. Plaintiff's Complaint requires the Court to speculate as to the nature of his claim, and therefore, Defendant Hardin's Motion to Dismiss is granted as to this claim.

*2. Wrongful Imprisonment*

Plaintiff next contends "that he had a protected right pursuant to 42 U.S.C.[] § 1983 to have his support amount be determined via statutorily required guidelines and to seek redress in court." (Second Amendment to Compl. 11.) Plaintiff further contends that Defendants' failure to apply the law "led directly to his imprisonment." (Second Amendment to Compl. 11.) Plaintiff has failed to identify a specific defendant, which/who acted under color of state law, to deprive Plaintiff of a federally protected right. Thus, Plaintiff has failed to state a claim and Defendants' motions are granted.

9

### 3. *Imprisonment without Jurisdiction*

In this claim, Plaintiff again alleges that Defendant Hardin violated due process by filing a citation for contempt in the Superior Court of Muscogee County after Plaintiff filed this action in federal court. As discussed *supra*, Plaintiff's confusion as to the jurisdiction of this Court does not give rise to a claim for violation of the due process clause. Defendant Hardin's filing of a contempt citation in a state court does not interfere with the jurisdiction of this Court. Plaintiff has consequently failed to state a claim and Defendants' motions are hereby granted.[10]

### 4. *Fourteenth Amendment*[11]

Finally, Plaintiff claims that Defendant Maximus violated his due process and equal protection rights by attempting to collect child support and arrearages from Plaintiff. Plaintiff has failed to allege that Defendant Maximus acted under color of state law. Plaintiff, however, responds to Defendant Maximus's Motion to Dismiss and claims that Maximus is an "arm of the state." The Court must accept Plaintiff's allegation that Maximus is an arm of the state for purposes of the pending motions. Therefore, assuming without deciding that Maximus is an arm of the state, it is entitled to Eleventh Amendment immunity for the same reasons that the Georgia DHR

---

[10] The Court notes that Plaintiff has also failed, again, to allege that any Defendant was acting under color of state law.

[11] The Fourteenth Amendment does not protect against purely private conduct. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (citation and quotation marks omitted).

is entitled to immunity.[12] Plaintiff consequently cannot maintain his claims against Maximus. Accordingly, Defendants' motions for dismissal are granted as to this claim.

B. <u>Plaintiff's False Claims Act and RICO Claims</u>

Plaintiff also alleges claims under the False Claims Act (FCA) and RICO. The FCA prohibits the knowing presentation of a "false or fraudulent claim for payment or approval" to the United States Government. 31 U.S.C. § 3729(a)(1). The federal RICO statute generally prohibits racketeering activity. 18 U.S.C. § 1962. In support of his claims under the FCA and RICO, Plaintiff avers that "this case is evidence that some States and their contractors are bringing fraudulent claims against non-custodial parents in order to receive additional money from the Federal Government." (Second Amendment to Compl. 21.) This statement alone fails to state a claim under the FCA or RICO, and the Second Amendment to Complaint is devoid of any other factual allegations that would "raise a right to relief above a speculative level." *Watts*, __ F.3d __, 2007 WL 2331029 at *5. Consequently, Plaintiff's claims under the FCA and RICO are dismissed.

## CONCLUSION

Defendants' motions (Docs. 33, 34, 35, 37, 39) are granted as to all of Plaintiff's federal claims. Having dismissed all of Plaintiff's federal law claims, the Court declines to exercise

---

[12]*See, supra*, Part **I**.

supplemental jurisdiction over Plaintiff's remaining state law claims which are hereby dismissed without prejudice. All other pending motions in this case are denied as moot.

IT IS SO ORDERED, this 28th day of September, 2007.

                                        S/Clay D. Land
                                            CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE